IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

In Re: )
)
Jimmie Martin Metzler, III aka Jimmie M Metzler, III, and )
Charity Spring Metzler aka Charity S Metzler, *Debtors* ) Case No. 15-80226-tls
)
Seterus, Inc., as authorized subservicer for Federal National ) Chapter: 13
Mortgage Association ("Fannie Mae"), a corporation )
organized and existing under the laws of the United States of )
America, by Seterus, Inc., *Creditor* )
)
vs. )
)
Jimmie Martin Metzler, III aka Jimmie M Metzler, III, and )
Charity Spring Metzler aka Charity S Metzler, *Debtors* )
)
and )
)
Kathleen A. Laughlin, *Trustee* )

### CONDITIONAL ORDER RESOLVING MOTION FOR RELIEF FROM STAY WITH CURATIVE PROVISIONS

**THIS** matter comes before the Court for hearing upon the Motion of Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, its subsidiaries, affiliates, predecessors in interest, successors or assigns, ("Creditor"), For Relief from the Automatic Stay. The appearances are Wendee Elliott-Clement of the firm of SouthLaw, P.C.; and Jimmie Martin Metzler, III, and Charity Spring Metzler, by Bruce C. Barnhart. The Court makes the following findings:

1. A motion for order granting relief from stay was filed on October 9, 2015, and copies were mailed to Trustee and to Debtor and counsel for Debtor. Proper notice with an opportunity for hearing on the motion for relief was served on all interested parties.

2. Creditor claims a secured interest in real property described as follows:

**Lots 4 and 5, except the East 7 feet, Block H, NELSON'S ADDITION, City of Oakland, Burt County, Nebraska**, commonly known as 509 North Davis Avenue, Oakland, NE 68045 (the "Property")

3. Debtor acknowledges and the Court finds that he failed to make certain post-petition

United States Bankruptcy Court
District of Nebraska
In re: Seterus, Inc., v. Jimmie Martin Metzler, III, and Charity Spring Metzler
Case No. 15-80226-tls
Chapter 13
Conditional Order Resolving Motion for Relief From Stay with Curative Provisions
Page 2

payments due under the Promissory Note and Security Instrument described in Creditor's motion. Debtor is due for (5) payments at $357.26 (06/15 – 10/15), MFR filing fee $176.00, MFR attorney fees $850.00, and Suspense Balance -$1.88, for a total due of $2,810.42. The Court further finds that this constitutes sufficient cause pursuant to 11 U.S.C §362(d) to lift the Automatic Stay.

4. Notwithstanding Finding number three of this Order, the parties consent and agree to the terms and conditions of this stipulation in full and complete settlement of the Motion for Relief from Automatic Stay.

5. The Debtor agrees to abide by the terms of this agreement and further agrees to cure the post-petition arrearage according to the following payment schedule:

| Arrearage Payment | Due Date |
|---|---|
| $468.41 | 11/15/15 |
| $468.41 | 12/15/15 |
| $468.40 | 01/15/16 |
| $468.40 | 02/15/16 |
| $468.40 | 03/15/16 |
| $468.40 | 04/15/16 |

6. Debtor also agrees to make the on-going post-petition payments when due and as called for under the terms of the Promissory Note and Security Instrument beginning with the **November 1, 2015** payment. Debtor acknowledges that these regular on-going payments are **in addition to** the payments on the arrearage indicated in Finding number five of this Order.

7. All payments under this agreement shall be paid directly to Seterus, Inc. Once the arrearage has been paid in full, Debtor shall revert to making the normal current monthly payments when due and as called for under the terms of the Promissory Note and Security Agreement. Time is of the essence to all payments.

8. Should Debtor fail to make **any** of the payments called for above, Creditor shall be then

United States Bankruptcy Court
District of Nebraska
In re: Seterus, Inc., v. Jimmie Martin Metzler, III, and Charity Spring Metzler
Case No. 15-80226-tls
Chapter 13
Conditional Order Resolving Motion for Relief From Stay with Curative Provisions
Page 3

entitled to immediately notify the Court, Debtor, Debtor's counsel and Trustee in writing, of the delinquency. If Debtor fails to fully cure the delinquency within fifteen (15) days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing or action of Court and Creditor will then submit a final Order Granting Relief from Stay.

9. Furthermore, Debtor and Creditor agree that if Debtor, at any time after execution of this Conditional Order, converts this Chapter 13 bankruptcy case to a case under Chapter 7, Creditor shall be then entitled to immediately notify the Court, Debtor(s), Debtor's counsel and Trustee in writing, of the contractual delinquency. If the Debtor fails to fully cure the contractual delinquency within fifteen (15) days of the date of the notification, Creditor shall then be entitled to immediate relief from the automatic stay of 11 U.S.C. §362 (a) without the necessity of further hearing or action of Court and Creditor will then submit a final Order Granting Relief from Stay.

10. **IT IS THEREFORE ORDERED, ADJUDGED, AND AGREED** that the above findings shall become orders of this Court

**IT IS SO ORDERED.**

Dated __November 17, 2015__

BY THE COURT:

_/s/Thomas L. Saladino_
Judge, U.S. Bankruptcy Court

United States Bankruptcy Court
District of Nebraska
In re: Seterus, Inc., v. Jimmie Martin Metzler, III, and Charity Spring Metzler
Case No. 15-80226-tls
Chapter 13
Conditional Order Resolving Motion for Relief From Stay with Curative Provisions
Page 4

**Approved as to form and content:**

SOUTHLAW, P.C.
s/ Wendee Elliott-Clement
Edward E. Brink (NE #19504)
Ashley B. Osborn (MBE #59427)
Wendee Elliott-Clement (MBE #50311)
10855 W. Dodge Rd., Suite 230
Omaha, NE 68154
(913) 663-7600 Ext. 351
(402) 342-4844 Fax
nebkecf@southlaw.com
**ATTORNEYS FOR CREDITOR**

Bruce C. Barnhart
12100 W Center Rd
Suite 519
Omaha, NE 68144
**ATTORNEY FOR DEBTOR**